UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HALEY DARIA,

    Plaintiff,

v.

SAPIENT CORP., et al.,

    Defendants.

No. C 21–02712 WHA

**ORDER GRANTING MOTION TO DISMISS AND GRANTING MOTION FOR A PREFILING ORDER**

    In multiple *pro se* lawsuits, plaintiff Haley Daria has litigiously attacked a corporation, its 2007 merger, and its officers and related individuals — and even some unrelated individuals — since 1999. Defendants Sapient Corporation (as acquirer of World Wide Web Associates, LLC), Rachel Adamski, Robin DeShayes, Robert G. Klein, Rancho San Roque, David La Fitte, and Mack Staton move to dismiss the most recent complaint pursuant to Rules 12(b)(5) and (6). The same defendants, minus Mack Staton, move to declare plaintiff a vexatious litigant and for imposition of a prefiling order (Dkt. Nos. 40, 42, 44, 56, 57, 58).

    This is the seventh in a long line of failed litigation attempts related to and based on Ms. Daria's interest in common stock shares of World Wide Web Associates, Inc., a company that has gone through a number of name changes and whose intellectual property rights Sapient now owns. A comprehensive record of Ms. Daria's litigation history can be found in *Daria v. Sapient, Inc.*, 2018 WL 1367322 at *1 (N.D. Cal. 2018).

To *briefly* summarize again, Ms. Daria initially filed claims against Sapient's predecessors and officers in state court in 1999. That action led to a settlement where she received a portion of the company's total common stock (less than 1%). She had a second settlement opportunity, this time outside of court, in 2007, when a merger occurred and now-deceased Michael Klein purchased 100% of Web Associates's stock, Ms. Daria's included. Ms. Daria admits she received $50,000 (which she kept and spent) as a result of the 2007 settlement but now contends that she would have received it anyway as a shareholder. The language of the 2007 settlement, however, provided broad terms of release, indicating that Daria would "fully, finally and forever" settle all disputes, known or unknown, with "Web Associates . . . and each of their past or present and future officers, directors, employees, insurers, agents, attorneys, representatives, partners, members, owners, predecessors and successors-in-interest" (Dkt. Nos. 40 at 2–3; 40-2 at 198–99).

Unhappy with the events surrounding the 2007 settlement, Ms. Daria filed lawsuits based on that settlement in 2010 (dismissed, dismissal affirmed by California's Second Appellate District, petition for review denied by the California Supreme Court), 2013 (dismissed), and 2015 (dismissed and plaintiff declared a vexatious litigant). She filed complaints in the Northern District in 2015 (before Magistrate Judge Donna Ryu, dismissed), 2017 (before the undersigned, dismissed for lack of subject-matter jurisdiction, with a vexatious litigant warning; dismissal affirmed by our court of appeals; *en banc* rehearing denied), and in 2021, again, all rooted in the events surrounding the 2007 merger and settlement.

Concerning the 2007 settlement, Ms. Daria has asserted duress, coercion, fraud, bait-and-switch tactics, and now adds allegations of an enterprise of individuals that engaged in RICO violations to get her to sign *a document* — not necessarily the four-page release entered into the record as the 2007 settlement, but, allegedly, some other phony contract that neither side can produce. At oral argument (in person), Ms. Daria insisted that she voided this document by yelling (back in 2007) "Total duress!" and that she signed a document, allegedly "under coercion" and "physically threatened with legal lawsuits." She could not produce such a copy (Dkt. No. 40-2 at 198–201).

Ms. Daria makes clear that she went to the law firm to sign documents, that she did in fact physically sign the documents, and that she received $50,000 and spent it.

In light of these facts, this order begins with the motion to dismiss and concludes that the complaint does not state a claim for relief. In an attempt to reach the gravamen of the complaint, this order notes that RICO claims have been added to the list of other familiar claims in an effort to circumvent this Court's 2018 dismissal for lack of subject-matter jurisdiction. Despite the presence of a federal ingredient, the complaint still fails. It does not come close to the standards set out in the general rules of federal pleading under Rule 8(a), the heightened standard for fraud in Rule 9(b), and the well-established precedent of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Furthermore, the face page of the complaint has an incomprehensible collection of words and phrases such as "**CIVIL R.I.C.O. EXTORTION;CASH-**INTELL PROPERTIES," "**FRAUD ON COURT**," and "**INJUNCTIVE RELIEF;22K SHRS@BENCH**." While these allegations incorporate common legal terms such as "Fraud," "RICO," and "Injunctive relief," the complaint's presentation of these allegations has flabbergasted defendants — so much so that they claim difficulty in constructing their defense. One set of defendants believes the complaint raises eight claims; another believes it raises twelve (Compl. at 1, bold in the original; Dkt. Nos. 40 at 11–12; 56 at 5).

The substance of the complaint proves just as difficult and revisits the "phony overall" merger:

> The enterprise, run by an elaborate "quad-triangulation" amongst the Plaintiff as a trained, registered with the CA State Board of Accountancy as a C.P.A. candidate, potential auditor to benefit the founders and their families at the time, failed strictly by material fabricated evidence by the group utilizing the Courts to gain orders, exclusive of any fact trying, as against all founders.

(Compl. at 11–12). This sentence epitomizes a majority of the complaint — perplexing, rambling on for page after page of extravagant accusations, non sequiturs, and random citations to case law. This case is barred by *res judicata*. Ms. Daria has repeatedly sued over the same basic grievance. And those cases have been dismissed. If errors were then made, she

should have taken appeals. When she did appeal, she did not win. She does not get to start over merely because she can now think of a new claim for relief.

*      *      *

With respect to a prefiling order, when Ms. Daria last argued in our federal court, she *gave her word* to the undersigned that she would not bring another suit related to her previous actions:

> The Court: . . . [I]f I throw you out of court here, do I have your word that you will never come to the federal court again on suing —
>
> Plaintiff: I've never come to federal court —
>
> The Court: Wait. Wait. Wait.
>
> Plaintiff: Okay.
>
> The Court: Because if you don't, then I have to reach the — I have to go to the vexatious point.
>
> Plaintiff: Yes, you have my word. You have my word . . . .

(Hearing Tr. at 29:17–25, 17-cv-05453 WHA Dkt. No. 100). Contrary to her statement ("I've never come to federal court"), Ms. Daria actually *had* come to federal court before, in 2015 when Magistrate Judge Donna Ryu dismissed her suit. Now Ms. Daria has returned. Despite her promise and despite the terms of her 2007 settlement, she sues a majority of familiar faces, and adds a few newcomers as well, including Chief Justice Tani Cantil-Sakauye of the California Supreme Court (Compl. at 64).

Consequently, this order makes good on the undersigned's statement to consider a prefiling motion should plaintiff break her own "promise to refrain from filing further lawsuits." *Daria*, 2018 WL 1367322 at *1. Prior to imposing a prefiling order, our court of appeals requires (1) notice, (2) an adequate record for review, (3) substantive findings of frivolousness, and (4) a narrowly-catered order. *See De Long v. Hennessy*, 912 F.2d 1144, 1147–48 (9th Cir. 1990). Before going through the required analysis, this order notes that Ms. Daria has agreed she "has no problem filing any item heretofore as 'provisional' or only

4

allowed after approval by this Bench to streamline the Courts time on these matters" (Dkt. No. 65 at 6).

*First*, due process requires notice so that the litigant has an opportunity to oppose the motion and eventual prefiling decision before the rendering of judgment. Here, Ms. Daria received notice when defendants moved for a prefiling order. She had the opportunity to file an opposition and exceeded the minimum procedural due process due to her by arguing her case at a hearing. *See Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000). Accordingly, the first element has been satisfied (Dkt. Nos. 42, 52, 76).

*Second*, the district court must create a record for review which, at least, shows in some manner that the litigant's activities were numerous or abusive. To reiterate, prior to this lawsuit Daria filed four lawsuits in state court (in 1999, 2010, 2013, and 2015) and two in federal court (in 2015 and 2017), all arising out of the same series of events.

*Third*, the district court must make substantive findings as to the frivolous or harassing nature of the litigant's actions. Insistent that she has never had her day in court despite this saga of litigation attempts, Ms. Daria continues to harass defendants and abuse the legal system's time and resources. Her suits have been duplicative and perennial: almost the same group of defendants find themselves dragged into court every few years based on the same disjointed claims derived from the previously-litigated 2007 settlement. None of these claims have succeeded before. Yet, Ms. Daria continues to file lawsuits.

*Fourth*, the prefiling order must be narrowly tailored to closely fit the specific abuse encountered. Here, this order will restrict its scope to restrain Ms. Daria from "reopen[ing] litigation based on the facts and issues decided in" previous lawsuits brought against the same or nearly the same group of defendants. *Wood v. Santa Barbara Chamber of Commerce*, 705 F.2d 1515, 1526 (9th Cir. 1986).

Ms. Daria has had full and fair opportunity to litigate her grievance. She has gone up on appeal twice: once in state court, and once in federal. Enough is enough. If she decides to bring a future action, whether *pro se* or represented by counsel, she must satisfy the prefiling requirements and clearly and succinctly explain why her claims sidestep *res judicata*.

For the reasons above, this order dismisses the civil action and requires that future lawsuits against any of these defendants or involving the same transaction by Ms. Daria first be screened in accordance with this prefiling order. Defendants' motion to dismiss is **GRANTED.** The motion for a prefiling order is also **GRANTED.**

The Clerk of the Court is instructed not to automatically accept any further filings from plaintiff, whether via counsel or herself, if they are:

(1) brought against Sapient Corporation, as acquirer of intellectual properties of Word Wide Web Associates, any of its current or former parents, subsidiaries, or affiliate companies, and any of its current or former officers, directors, or employees, or spouses of any of its current or former officers, directors, or employees;

(2) brought against any of the attorneys or law firms that formerly or presently represent any of the parties in this or in past litigation; or

(3) brought against defendants and other parties named in this action and other actions related to this action brought in federal court; and

(4) relate to World Wide Web Associates' acquisition and merger;

(5) relate to the 2000 and 2007 settlements;

(6) arise from Daria's interest in World Wide Web Associates' acquisition and merger, and now Sapient Corporation's position as the acquirer of World Wide Web Associates;

(7) arise from or relate to any lawsuit concerning such interests; or

(8) seek to relitigate issues plaintiff has previously raised in such a lawsuit.

**IT IS SO ORDERED.**

Dated: August 4, 2021

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE